**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

LENSKY LOUIS-JEAN,

               Plaintiff,

               v.

ALLY FINANCIAL, *et al.*,

               Defendants.

Civil Action No. 22-4435 (MAS) (DEA)

**MEMORANDUM ORDER**

**SHIPP, District Judge**

       This matter comes before the Court upon Defendant Ally Financial Inc. ("Ally") and Kia Motors Corporation's ("Kia") (collectively "Defendants") Motions to Dismiss (ECF Nos. 9, 11) pro se Plaintiff Lensky Louis-Jean's Amended Complaint (ECF No. 5). Plaintiff did not oppose either of Defendants' Motions. The Court decides Defendants' Motions without oral argument pursuant to Local Civil Rule 78.1. For the reasons below, Defendants' Motions are granted.

       On June 14, 2022, Plaintiff entered Bridgewater Kia for purposes of purchasing a 2020 Mercedes Benz (the "Vehicle"). (Am. Compl. ¶ 8, ECF No. 5.)[1] Plaintiff intended in good faith to enter into a consumer credit transaction to purchase the Vehicle. (*Id.*) Plaintiff, however, was denied an extension of credit to purchase the Vehicle. (*Id.* ¶ 9.) An employee at Kia stated the reason for the denial was because Ally found that Plaintiff's "[c]redit experiences [were] insufficient for [the] dollar amount requested." (*Id.*) Plaintiff alleges these actions by Defendants

---

[1] For the purpose of considering the instant motions, the Court accepts all factual allegations in the Complaint as true. *See Phillips v. County of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008).

violated the Equal Credit Opportunity Act, 15 U.S.C. § 1691, *et seq.* ("ECOA"). (*Id.* ¶¶ 10-13.) Specifically, Plaintiff avers that "Defendant[s] violated 15 U.S.C. § 1691 [(a)(3)][2] because Plaintiff exercised the right granted to obtain an extension of his credit under the Consumer Credit Protection Act." (*Id.* ¶ 11.)

On July 1, 2022, Plaintiff sought to file a civil complaint in this Court. (ECF No. 1.) Plaintiff's original Complaint, however, was not filed because Plaintiff's *in forma pauperis* application was denied. (ECF No. 3.) Thereafter, on October 24, 2022, Plaintiff paid a filing fee and filed his Amended Complaint. (*See generally* Am. Compl.) On December 22, 2022, Kia moved to dismiss Plaintiff's Amended Complaint. (ECF No. 9.) On January 10, 2023, Ally also moved to dismiss Plaintiff's Amended Complaint. (ECF No. 11.)

Federal Rule of Civil Procedure 8(a)(2)[3] "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (alteration in original) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). A district court conducts a three-part analysis when considering a motion to dismiss pursuant to Rule 12(b)(6). *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011). "First, the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.'" *Id.* (alteration in original) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009)). Second, the court must accept as true all of a plaintiff's well-pleaded factual allegations and "construe the complaint in the light most favorable to the plaintiff." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). The

---

[2] 15 U.S.C. § 1691 (a)(3) states "[i]t shall be unlawful for any creditor to discriminate against any applicant, with respect to any aspect of a credit transaction . . . because the applicant has in good faith exercised any right under this chapter."

[3] All references to "Rule" or "Rules" hereinafter refer to the Federal Rules of Civil Procedure.

court, however, may ignore legal conclusions or factually unsupported accusations that merely state "the-defendant-unlawfully-harmed-me." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). Finally, the court must determine whether "the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" *Fowler*, 578 F.3d at 211 (quoting *Iqbal*, 556 U.S. at 679). A facially plausible claim "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 210 (quoting *Iqbal*, 556 U.S. at 678). On a Rule 12(b)(6) motion, the "defendant bears the burden of showing that no claim has been presented." *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005) (citing *Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3d Cir. 1991)).

In assessing a pro se plaintiff's complaint, the Court construes a plaintiff's allegations liberally. *Beasley v. Howard*, No. 19-11058, 2022 WL 3500404, at *2 (D.N.J. Aug. 18, 2022) (citing *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). Even under this liberal standard, "pro se litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013); *see also Thakar v. Tan*, 372 F. App'x 325, 328 (3d Cir. 2010). Defendants contend that even under the pro-se liberal pleading standard, Plaintiff's Amended Complaint fails to state a claim upon which relief can be granted. (Kia's Moving Br. 7, ECF No. 9-2; Ally's Moving Br. 1, ECF No. 11-1.) Specifically, Defendants contend that Plaintiff failed to plead any facts alleging he qualified for a consumer credit transaction, which is necessary for Plaintiff to state a claim. (Kia's Moving Br. 6; Ally's Moving Br. 4.) The Court agrees.

Under the ECOA, a creditor may not discriminate against an applicant because an applicant, in good faith, exercised his rights under the ECOA. 15 U.S.C. § 1691(a)(3). "To state a claim under the ECOA [, however,] a plaintiff must show that (1) [he] was a member of a protected class; (2) [he] applied for credit from the defendants; (3) [he] was qualified for the credit; and

(4) despite qualification, [he] was denied credit. *Carter v. Bentley Motors Inc.*, 489 F. Supp. 3d 316, 324 (D.N.J. 2020) (citing *Anderson v. Wachovia Mortg. Corp.*, 621 F.3d 261, 268 n.5 (3d Cir. 2010)).

Here, Plaintiff failed to state a claim under the ECOA where he failed to plead facts alleging that he qualified for a consumer credit transaction. (*See generally* Am. Compl.; *see also Carter*, 489 F. Supp. 3d at 324.) In fact, Plaintiff's Amended Complaint itself suggests Plaintiff may not qualify for a consumer credit transaction where Plaintiff alleges Ally denied him credit because his credit experience was "insufficient for [the] dollar amount requested." (Am. Comp. ¶ 9.) The Court also notes that Plaintiff's Amended Complaint appears to allege that because Plaintiff requested a consumer credit transaction in good faith, it was "his right" to receive such credit. (*Id.* ¶ 8.) There is, however, no absolute right to a consumer credit transaction to purchase a vehicle. *See Anderson*, 621 F.3d at 268 n.5 (establishing that a plaintiff must show he *qualifies* for a consumer credit transaction, which necessarily suggests that a plaintiff is not entitled by right to a consumer credit transaction). Instead, Plaintiff will need to allege facts to show he was a member of a protected class who applied for consumer credit to purchase the Vehicle and was improperly and discriminatorily denied that credit despite being qualified to receive it. *See* 15 U.S.C. § 1691(a); *Carter*, 489 F. Supp. 3d at 324. As Plaintiff's Amended Complaint does not contain these necessary factual allegations to state a claim under the ECOA,

**IT IS** on this *18th* of April 2023, **ORDERED** as follows:

1. Defendants' Motions to Dismiss Plaintiff's Amended Complaint (ECF Nos. 9, 11) are **GRANTED**.

2. Plaintiff's Amended Complaint (ECF No. 5) is **DISMISSED WITHOUT PREJUDICE**.

3.  Plaintiff may file a second amended complaint consistent with this Memorandum Order within thirty (30) days of this Memorandum Order's filing.

MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE

5